UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PETER BORGHESE,

         Plaintiff,

v.                           CASE NO. 3:25-cv-921-WWB-SJH

SHERIFF T.K. WATERS, et al.,

         Defendants.

_____/

## ORDER

Peter Borghese ("Plaintiff") filed a Complaint for Violation of Civil Rights ("Complaint"), Doc. 1, an Application to Proceed In Forma Pauperis ("Application"), Doc. 2, and a John Doe Discovery Request ("Request"), Doc. 3.

The Complaint and Application are each filed on the forms for use by prisoners, but they state different addresses for Plaintiff—the Complaint appears to state a residential address and the Application a prison address. Doc. 1 at 2; Doc. 2 at 2. Plaintiff will be directed to file an amended complaint and to either pay the applicable filing fee or file an amended application to proceed *in forma pauperis* ("IFP"). Plaintiff's amended filings must use the same (and correct) address for Plaintiff. Plaintiff must keep the Court apprised of his current address and is cautioned that his failure to do so may lead to a dismissal of this action for lack of prosecution.

If Plaintiff is incarcerated, he must file the amended complaint and amended application using the forms for prisoner filings, and he must include with the amended

application a certified copy of the trust fund account statement (or institutional equivalent) for Plaintiff for the 6-month period preceding the filing of this action. *See* Local Rule 6.04(a); 28 U.S.C. § 1915(a)(2). If Plaintiff is *not* incarcerated, he should instead use the non-prisoner forms for filing a civil rights complaint and a long-form IFP application. The Clerk of Court will be directed to mail to Plaintiff with this Order the forms for a prisoner civil rights complaint, a prisoner IFP application, a non-prisoner civil rights complaint, and a non-prisoner long-form IFP application, each of which is also available on the Court's website. Plaintiff must use the correct forms and must fully, carefully, and accurately complete them.

In addition, Plaintiff's amended filings must correct other deficiencies. Under the IFP statute, a court may authorize the commencement of a case without prepayment of fees by a litigant who submits an affidavit showing he is unable to pay them. 28 U.S.C. § 1915. Even assuming Plaintiff meets the financial criteria to proceed IFP, the Court is also obligated to review the case pursuant to § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A (imposing screening requirements for prisoner complaints seeking redress from a governmental entity or an officer or employee of such an entity).

A pleading must comply with the Federal Rules of Civil Procedure ("Rule(s)"), including Rules 8 and 10. Under Rule 8, it must contain (i) a short and plain statement of the grounds for this Court's jurisdiction; (ii) a short and plain statement of the claim

showing Plaintiff is entitled to relief; and (iii) a demand for the relief sought. Under Rule 10, it must be stated in numbered paragraphs, each limited as far as practicable to a single set of circumstances.

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Rule 8(a) demands "more than an unadorned, the defendant unlawfully harmed me accusation." *Id.* The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Courts accept "all factual allegations in the complaint as true" but "need not apply this rule to legal conclusions." *Anthony v. Am. Gen. Fin. Servs., Inc.*, 626 F.3d 1318, 1321 (11th Cir. 2010).

Though *pro se* pleadings are construed liberally: (i) such liberal construction does not permit a court "to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action"; and (ii) *pro se* litigants must "comply with the rules of procedure." *LaCroix v. W. Dist. of Ky*, 627 F. App'x 816, 818 (11th Cir.

3

2015);[1] *Carvel v. Godley*, 404 F. App'x 359, 361 (11th Cir. 2010).

Plaintiff's Complaint has multiple defects. First, it fails to comply with Rules 8 and 10. Rules 8 and 10 "work together to require the pleader to present his claims discretely and succinctly[.]" *Palmer v. Albertson's LLC*, 418 F. App'x 885, 889 (11th Cir. 2011) (quotation omitted). A complaint that violates Rule 8(a), Rule 10(b), or both, may be described as a "shotgun" pleading. *See Mathis v. City of Lakeland*, No. 22-12426, 2023 WL 2568814, at *4 (11th Cir. Mar. 20, 2023).[2] "Shotgun" pleadings are strictly prohibited. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018); *see also Moore v. Jasper City Bd. of Educ.*, No. 22-13943, 2023 WL 3719151, at *2 (11th Cir. May 30, 2023).[3]

---

[1] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289-90 (11th Cir. 2000); 11th Cir. R. 36-2.

[2] There are four rough categories of prohibited shotgun pleadings, including a complaint (1) with "'multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint'"; (2) "that is 'replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action'"; (3) "that does not separate 'each cause of action or claim for relief' into a different count"; and (4) "that 'assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.'" *Mathis*, 2023 WL 2568814, at *4; *see also Moore*, 2023 WL 3719151, at *2.

[3] Complying with the rules of procedure includes not filing shotgun pleadings, and thus *pro se* shotgun pleadings are also forbidden. *See Brown v. Columbus Police Dep't*, No. 23-11896, 2024 WL 3451862, at *6 (11th Cir. July 18, 2024); *see also Mikov v. Vill. of Palm Springs, Fla.*, No. 23-13311, 2024 WL 3178043, at *3 (11th Cir. June 26, 2024); *Mathis*, 2023 WL 2568814, at *4; *LaCroix*, 627 F. App'x at 818-19. "It is not the district court's job to parse out incomprehensible allegations from shotgun pleadings"; rather, shotgun pleadings are subject to dismissal. *Dvoinik v. Rolff*, No. 23-14147, 2024 WL 2974475, at *4 (11th Cir. June 13, 2024);

Plaintiff's pleading does not comply with Rules 8 and 10. For example, Plaintiff's Complaint is in a narrative format without separately numbered paragraphs. *See* Doc. 1. This is improper. *See Merryman v. St. Johns River Water Mgmt.* Dist., No. 3:24-cv-658-MMH-SJH, 2024 WL 4625724, at *2 (M.D. Fla. Oct. 30, 2024); *Crowder v. World Prod. Sols.*, No. 8:21-cv-1950-TPB-TGW, 2021 WL 4505919, at *1 (M.D. Fla. Sept. 14, 2021). In addition, Plaintiff appears to have lumped together distinct claims in a single count. *See* Doc. 1.[4] This is also improper. *See Rosado v. Modly*, No. 3:19-cv-1428-J-34PDB, 2019 WL 6877184, at *1 (M.D. Fla. Dec. 17, 2019); *Barilla v. Seterus, Inc.*, No. 2:19-cv-46-FtM-38NPM, 2019 WL 4060154, at *2 (M.D. Fla. Aug. 28, 2019); *Mesa v. Kajaine Fund III, LLC*, No. 8:17-cv-450-T-33JSS, 2017 WL 770951, at *2 (M.D.

---

*see also Owens v. Fla. Dep't of Revenue*, No. 22-10550, 2023 WL 4105378, at *2-3 (11th Cir. June 21, 2023).

[4] As set forth below, to state a claim under 42 U.S.C. § 1983, Plaintiff "must allege that an act or omission, committed by a person acting under color of state law, deprived [him] of a right, privilege, or immunity secured by the Constitution or a federal statute." *A.W. by & Through J.W. v. Coweta Cnty. Sch. Dist.*, 110 F.4th 1309, 1315 (11th Cir. 2024). Though Plaintiff purports to sue Sheriff Waters in an individual capacity, § 1983 does not allow for supervisory liability on the basis of *respondeat superior* or vicarious liability. *See Roy v. Ivy*, 53 F.4th 1338, 1351-52 (11th Cir. 2022). Although personal participation is not specifically required for liability under § 1983, there must be a causal connection between a defendant and the injury sustained. *Id.* at 1352. A defendant cannot be held liable simply based on his supervisory position. *Id.* To the extent Plaintiff may intend to assert an official capacity claim, such is in essence a claim against the municipality. *See Ireland v. Prummell*, 53 F.4th 1274, 1288 (11th Cir. 2022); *McDowell v. Brown*, 392 F.3d 1283, 1289 n.7 (11th Cir. 2004). "[T]o impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell*, 392 F.3d at 1289; *see also Ireland*, 53 F.4th at 1290-91.

Fla. Feb. 28, 2017).[5]

Moreover, to the extent discernable, Plaintiff does not appear to state a viable claim for relief. To state a claim under 42 U.S.C. § 1983 ("§ 1983"), Plaintiff "must allege that an act or omission, committed by a person acting under color of state law, deprived [him] of a right, privilege, or immunity secured by the Constitution or a federal statute." *A.W. by & Through J.W. v. Coweta Cnty. Sch. Dist.*, 110 F.4th 1309, 1315 (11th Cir. 2024). Plaintiff seeks relief under § 1983 based on the alleged failure to arrest another person Plaintiff alleges threatened him. *See generally* Doc. 1. But there is not generally a Constitutional or other federal statutory right to have another person arrested, or, in turn, ordinarily a basis for a failure to arrest another person to give rise to an action under § 1983. *See, e.g., Nilio v. Williams*, No. 20-12466-C, 2020 WL 5905335, at *1 (11th Cir. Sept. 29, 2020) ("[T]he district court did not err by dismissing

---

[5] The undersigned also notes that Plaintiff has named a John Doe defendant. In general, "fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). There is "a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" *Id.* Thus, "the plaintiff must specifically identify the parties he is suing, if not by name then by providing a description of each individual that is sufficiently clear and detailed to permit service of process." *DiPietro v. Med. Staff at Fulton Cnty. Jail*, 805 F. App'x 793, 795 (11th Cir. 2020). If the Plaintiff's description of a defendant sued under a fictitious name is not sufficiently specific, dismissal is warranted. *See Richardson*, 598 F.3d at 738; *see also Vielma v. Gruler*, 808 F. App'x 872, 880 (11th Cir. 2020) (affirming dismissal where "the district court correctly concluded that Plaintiffs failed to describe the John Doe defendants with enough specificity to enable service of process"); *Jones v. Officer Name Unknown*, No. 6:22-cv-1751-JSS-DCI, 2024 WL 3553303, at *3 (M.D. Fla. July 26, 2024) (ordering dismissal because "Plaintiff must do more than describe Officer Name Unknown as employed by the Brevard County Sheriff's Office and involved in his arrest"); *King v. Lake Cnty.*, No. 5:17-cv-52-Oc-34PRL, 2017 WL 6502395, at *6 (M.D. Fla. Dec. 19, 2017); *Tarantino v. Citrus Cnty. Gov't*, No. 5:12-cv-434-Oc-99PRL, 2013 WL 12153600, at *5 (M.D. Fla. Feb. 4, 2013), *report and recommendation adopted*, 2013 WL 12157843 (M.D. Fla. May 6, 2013).

[the plaintiff's] § 1983 complaint, as citizens do not have a constitutional right to have police officers arrest another citizen, and, therefore, he failed to state a claim."); *Quire v. Miramar Police Dep't*, 595 F. App'x 883, 886 (11th Cir. 2014) ("[C]itizens in Quire's position do not have a constitutional right to have police officers arrest another citizen. Nor is there any federal statute guaranteeing that state police officers will make an arrest based on a reported assault. And if there is no federal right supporting the first claim, it cannot be a basis for relief under § 1983." (internal citations omitted)).

In short, Plaintiff's pleading is deficient.[6] Plaintiff will thus be directed to file an amended complaint curing the deficiencies described above, if possible.[7] Any amended complaint must comply with the Rules, including Rules 8 and 10. Under Rule 8, it must contain (i) a short and plain statement of the grounds for this Court's jurisdiction; (ii) a short and plain statement of the claim showing the pleader is entitled to relief; and (iii) a demand for the relief sought. Under Rule 10, it must be stated in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Thus, all facts relied on to support the claim(s) should be stated in sequentially numbered

---

[6] This Order is not meant to address all potential deficiencies in the Complaint and/or the Application.

[7] Before preparing any amended complaint and any future filings, Plaintiff may wish to visit the Court's website (www.flmd.uscourts.gov). In addition to the previously referenced forms, under the tab titled "For Litigants," there is a section titled "Litigants without Lawyers." In this section, there are resources available to *pro se* parties, including a link to a Handbook called "Guide for Proceeding Without A Lawyer." Plaintiff may also wish to consider consulting with a legal aid organization that offers free services. For example, the Jacksonville Federal Court Bar Association operates a Legal Information Program through which *pro se* litigants may meet with a lawyer for free to ask general questions about procedures governing cases in federal court. More information about the program is available on the Court's website at www.flmd.uscourts.gov/legal-information-program.

paragraphs. Where necessary for clarity, discrete claims should be separated into different counts. Although a pleading need not set forth detailed factual allegations, it must provide more than mere labels and conclusions, and the factual allegations must be enough to state a plausible claim for relief.

Any amended complaint will supersede the original Complaint and become the operative pleading. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016). Thus, any amended complaint must be complete and must include all claims pursued, as well as all facts in support and relief sought, in a single submission.

Finally, the Request is due to be stricken. Discovery requests must not be filed with the Court unless they are used in the proceeding or the Court orders filing. *See* Fed. R. Civ. P. 5(d)(1)(A).[8]

Accordingly, it is **ORDERED**:

1.    The Application (Doc. 2) is **taken under advisement**.

2.    The Request (Doc. 3) is **stricken**.

3.    Plaintiff shall have until **September 23, 2025**, to, in compliance with this Order and all applicable rules and law: (i) file an amended complaint; and (ii) pay the applicable filing fee or file an amended motion to proceed IFP. The failure to do so will likely result in a recommendation from the undersigned that the District Judge deny the Application and dismiss this case.

3.    The Clerk of Court is **directed** to mail to Plaintiff with this Order the

---

[8] To the extent Plaintiff seeks discovery, he must do so in compliance with the Rules and the Court's Local Rules.

forms for a prisoner civil rights complaint (Prisoner Complaint for Violation of Civil Rights (uscourts.gov)), a prisoner IFP application (flmd-prisoner-application-to-proceed-in-forma-pauperis-civil-rights.pdf (uscourts.gov)), a non-prisoner civil rights complaint (Non-Prisoner Complaint for Violation of Civil Rights (uscourts.gov)), and a non-prisoner long-form IFP application (Application to proceed in District Courts Without Prepaying Fees or Costs (long form) (uscourts.gov)).

4.    Plaintiff must keep the Court apprised of his current address and is **cautioned** that his failure to do so may lead to a dismissal of this action for lack of prosecution.

**DONE AND ORDERED** in Jacksonville, Florida, on September 2, 2025.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

*Pro Se* Plaintiff

1800 Danese Court Apt. 1
Jacksonville, FL 32207

and

216 S.E. Corrections Way
Lake City, Florida 32025