UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PETER BORGHESE,

    Plaintiff,

v.          CASE NO. 3:25-cv-921-WWB-SJH

SHERIFF T.K. WATERS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the undersigned on *pro se* Plaintiff's Application to Proceed in Forma Pauperis ("Application"). Doc. 2. For the reasons herein, the undersigned **recommends** that the Application be **denied** and that the case be **dismissed without prejudice**.

### I. Background

Plaintiff filed his Complaint for Violation of Civil Rights ("Complaint"), Doc. 1, along with the Application, on August 13, 2025. On September 2, 2025, the undersigned entered an Order ("Prior Order") taking the Application under advisement, identifying multiple issues and deficiencies to address and cure, and directing that Plaintiff had until September 23, 2025, to: (i) file an amended complaint in accordance with the Court's instructions and all applicable rules; and (ii) pay the applicable filing fee or file an amended motion to proceed *in forma pauperis* ("IFP"). Doc. 5. The Prior Order also warned that Plaintiff's failure to do so would result in a

recommendation that the Application be denied and that this case be dismissed. *Id.* at 8. Plaintiff has not paid the applicable filing fee or filed an amended motion to proceed IFP, an amended complaint, or anything else in response to the Prior Order.

## II.     Standard

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may allow a plaintiff who is a natural person to proceed without prepayment of fees or costs where such plaintiff has demonstrated through the filing of an affidavit that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Even assuming a motion sufficiently demonstrates a plaintiff meets the financial criteria to proceed IFP, when such a motion is filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1]  The Court should also order repleading *sua sponte* if presented with a pleading that does not comply with the Federal Rules of Civil Procedure ("Rule(s)").

---

[1] In considering whether a party has sufficiently stated a claim under § 1915(e)(2)(B)(ii), the same standards applicable under Rule 12(b)(6) of the Federal Rules of Civil Procedure apply. *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Fed. R. Civ. P. 8(a) demands "more than an unadorned, the defendant unlawfully harmed me accusation." *Id.* The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Courts accept "all factual allegations in the complaint as true" but "need not apply this rule to legal conclusions." *Anthony v. Am. Gen. Fin. Servs., Inc.*, 626 F.3d 1318, 1321 (11th Cir. 2010).

*See Abel v. Porshe Cars N. Am., Inc.*, No. 6:24-cv-593-PGB-DCI, 2024 WL 4793326, at *1 (M.D. Fla. Oct. 4, 2024). Though *pro se* pleadings are construed liberally: (i) such liberal construction does not permit a court "to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action"; and (ii) *pro se* litigants must "comply with the rules of procedure." *LaCroix v. W. Dist. of Ky*, 627 F. App'x 816, 818 (11th Cir. 2015).[2]

### III. Analysis

As explained in the Prior Order, even liberally construed, the Application and Complaint are each deficient. *See* Doc. 5. At the outset, Plaintiff's filings make it unclear if Plaintiff is incarcerated. *See id.* at 1-2. The Prior Order thus directed Plaintiff to file the correct forms and provide the necessary information depending on whether Plaintiff is incarcerated, and it detailed how to do so. *See generally id.* Plaintiff did not respond.

Moreover, even assuming Plaintiff meets the criteria to proceed IFP, as the Prior Order explained, the Complaint, even liberally construed, is deficient and does not comply with Rules 8 and 10. *Id.* at 2-5.[3] For example, the Complaint improperly: (i) is

---

[2] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289-90 (11th Cir. 2000); 11th Cir. R. 36-2.

[3] Rules 8 and 10 "work together to require the pleader to present his claims discretely and succinctly[.]" *Palmer v. Albertson's LLC*, 418 F. App'x 885, 889 (11th Cir. 2011) (quotation omitted). A complaint that violates Rule 8(a), Rule 10(b), or both, may be described as a "shotgun" pleading. *See Mathis v. City of Lakeland*, No. 22-12426, 2023 WL 2568814, at *4 (11th Cir. Mar. 20, 2023). "Shotgun" pleadings are strictly prohibited. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018); *see also Moore v. Jasper City Bd. of Educ.*, No. 22-13943, 2023 WL 3719151, at *2 (11th Cir. May 30, 2023). Complying with the rules of procedure includes not filing shotgun pleadings, and thus *pro se* shotgun

3

in a narrative format without separately numbered paragraphs; and (ii) lumps together distinct claims in a single count. *See id.* at 5 (citing *Merryman v. St. Johns River Water Mgmt. Dist.*, No. 3:24-cv-658-MMH-SJH, 2024 WL 4625724, at *2 (M.D. Fla. Oct. 30, 2024); *Crowder v. World Prod. Sols.*, No. 8:21-cv-1950-TPB-TGW, 2021 WL 4505919, at *1 (M.D. Fla. Sept. 14, 2021); *Rosado v. Modly*, No. 3:19-cv-1428-J-34PDB, 2019 WL 6877184, at *1 (M.D. Fla. Dec. 17, 2019); *Barilla v. Seterus, Inc.*, No. 2:19-cv-46-FtM-38NPM, 2019 WL 4060154, at *2 (M.D. Fla. Aug. 28, 2019); and *Mesa v. Kajaine Fund III, LLC*, No. 8:17-cv-450-T-33JSS, 2017 WL 770951, at *2 (M.D. Fla. Feb. 28, 2017).

Further, to the extent discernable, the Complaint—which seeks relief under 42 § 1983 based on the alleged failure to arrest another person—does not state a viable claim for relief. *Id.* at 6. As the Prior Order explained, "there is not generally a Constitutional or other federal statutory right to have another person arrested, or, in turn, ordinarily a basis for a failure to arrest another person to give rise to an action under § 1983." *Id.* at 6-7 (citing *Nilio v. Williams*, No. 20-12466-C, 2020 WL 5905335, at *1 (11th Cir. Sept. 29, 2020) and *Quire v. Miramar Police Dep't*, 595 F. App'x 883, 886 (11th Cir. 2014)).

---

pleadings are also forbidden. *See Brown v. Columbus Police Dep't*, No. 23-11896, 2024 WL 3451862, at *6 (11th Cir. July 18, 2024); *see also Mikov v. Vill. of Palm Springs, Fla.*, No. 23-13311, 2024 WL 3178043, at *3 (11th Cir. June 26, 2024); *Mathis*, 2023 WL 2568814, at *4; *LaCroix*, 627 F. App'x at 818-19. "It is not the district court's job to parse out incomprehensible allegations from shotgun pleadings"; rather, shotgun pleadings are subject to dismissal. *Dvoinik v. Rolff*, No. 23-14147, 2024 WL 2974475, at *4 (11th Cir. June 13, 2024); *see also Owens v. Fla. Dep't of Revenue*, No. 22-10550, 2023 WL 4105378, at *2-3 (11th Cir. June 21, 2023).

4

Notably, the Prior Order provided an opportunity to cure these deficiencies,[4] if possible, by directing Plaintiff to file an amended pleading and to pay the filing fee or file an amended motion to proceed IFP by September 23, 2025. Doc. 6 at 8. The Prior Order also expressly warned that a failure to do so would likely result in a recommendation that the Application be denied and the case be dismissed. *Id.* However, Plaintiff did not pay the appropriate filing fee or file an amended motion to proceed IFP, did not file an amended complaint, and did not otherwise attempt to cure the deficiencies noted in the Prior Order. Therefore, the undersigned recommends that the Application be denied, and that the case be dismissed without prejudice.

Accordingly, it is respectfully **recommended** that:

1. The Application (Doc. 2) be **denied**.

2. This case be **dismissed without prejudice**.

3. The Clerk of Court be directed to terminate any pending motions and close the file.

### Notice

"Within 14 days after being served with a copy of [a] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations impacts the

---

[4] This Prior Order did not purport to address all potential deficiencies in the Complaint. Nor does this Report and Recommendation.

5

scope of review by a district judge and by an appellate court. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C); 11th Cir. R. 3-1. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). "A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation ... waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]" 11th Cir. R. 3-1.

**DONE AND ENTERED** in Jacksonville, Florida, on October 24, 2025.

_____
Samuel J. Horovitz
United States Magistrate Judge

Copies to:

The Honorable Wendy W. Berger, United States District Judge

*Pro se* Plaintiff